# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON GAP DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case Nos.: 1:06po00057 |
| v. ) | 1:06po00058 |
| ) | 1:06po00059 |
| NORMAN BOYD RAUHOF, ) | |
|    Defendant ) | **MEMORANDUM OPINION** |
| ) | |
| ) | By: PAMELA MEADE SARGENT |
| ) | United States Magistrate Judge |

This case came to be heard before the court on October 4, 2006, at which time the defendant, Norman Boyd Rauhof, pleaded not guilty to three Violation Notices, each of which charged Rauhof with a petty offense. *See* 36 C.F.R. § 1.3(a) (2006) (covering offenses within the jurisdiction of the National Park Service). These Violation Notices charged Rauhof with operating a motor vehicle while under the influence of alcohol, in violation of 36 C.F.R. § 4.23(a)(1), operating a motor vehicle with a blood alcohol content, ("BAC"), greater than .08, in violation of 36 C.F.R. § 4.23(a)(2), and failure to maintain control of a vehicle to avoid danger to persons, in violation of 36 C.F.R. § 4.22(b)(3), all within the confines of the Blue Ridge Parkway, a federally administered highway in Virginia, on July 5, 2004. At the close of the government's evidence, Rauhof's counsel made a Motion For Judgment Of Acquittal, (Docket Item No. 9), ("the Motion"), on the charge of operating a motor vehicle while under the influence of alcohol and operating a motor vehicle with a BAC greater than .08. The court took the disposition of the offenses and the Motion under advisement.

-1-

The court convicted Rauhof of the charge of failure to maintain control of a vehicle, reserving sentencing until the disposition of the Motion. The court has considered the parties' legal arguments and supporting documents, as well as the evidence presented at trial. Based on the reasons stated below, the court grants the Motion, finding Rauhof not guilty on the remaining charges.

*I. Facts*

Greg A. Johnston, a United States Park Ranger stationed at the Blue Ridge Parkway, testified that he was called to the scene of a motor vehicle accident involving a near head-on collision between a Jeep Cherokee and a minivan at approximately 3:30 p.m. on July 5, 2004. Johnston stated that Rauhof was the driver of the Cherokee that caused the accident. Johnston testified that he conducted an investigation of the accident and attempted to interview Rauhof at the scene, but was unable to do so because Rauhof was receiving medical treatment and was later transported to a local hospital. Johnston testified that he went to the hospital later that evening to interview Rauhof. At that time, Rauhof informed him that he had consumed part of a souvenir bottle of Budweiser beer before leaving his house, which Rauhof testified was just around the corner from where the accident occurred, to take some trash to a dumpster at Doe Run Lodge. Rauhof estimated that the bottle was approximately 12 inches tall and was two to three inches in diameter. He further estimated that he consumed half of the bottle of beer in approximately 15 minutes. Rauhof testified that as he was driving, he reached over into the passenger side seat of his vehicle to retrieve his glasses. When he did not feel the glasses, he looked over into the passenger side seat for them. When he did this, his vehicle crossed the center

-2-

line, causing the accident. He testified that he was not impaired due to the consumption of alcohol. Upon Johnston's request, a blood test was performed at the hospital at 8:07p.m., approximately four and a half hours following the accident. This test revealed Rauhof's BAC to be .12.

It is not disputed that Rauhof was not arrested either at the scene of the accident or later at the hospital when Ranger Johnston conducted his interview. Only on June 22, 2006, nearly two years after the accident, did Ranger Johnston obtain a warrant for Rauhof's arrest.

## *II. Analysis*

I first note that, as the parties conceded at trial, Rauhof can be convicted, if at all, of either operating a motor vehicle with a BAC greater than .08 or operating a motor vehicle while under the influence of alcohol, but not of both. However, the evidence as to both charges is the same. Rauhof argued at trial that the certificate of analysis showing that his BAC was .12 at 8:07 p.m. on July 5, 2004, should be suppressed because it violates the procedures set forth by the Virginia Code and Virginia case law. However, the court found that Virginia law is not controlling in this case. *See U.S. v. Coleman*, 750 F. Supp. 191, 193 (W.D. Va. 1990) (holding that federal law preempts state law on the issue of intoxicated motor vehicle operator within national park areas); *U.S. v. Hambsch*, 748 F. Supp. 343, 344 (D. Md. 1990) (holding that state rules of evidence governing admissibility of alcohol test results were inapplicable in federal prosecution for drunk driving). Rauhof further argued at trial that the certificate of analysis also should be suppressed because he was denied

his constitutional right to exculpatory evidence, in that he was not given the opportunity to have the blood sample independently tested. Rauhof later filed a Motion To Amend Motion For Judgment Of Acquittal, (Docket Item No. 12), seeking to add an additional objection to the admission of the certificate of analysis. In particular, Rauhof argues that his Sixth Amendment right to confrontation was violated because he was not given the opportunity to cross-examine the individual who administered the blood test. The government objected to the amendment of Rauhof's motion for judgment of acquittal on the grounds that any further objections had been waived. (Docket Item No. 13). Thereafter, Rauhof filed a Reply, in which he reiterated his previous arguments and raised the additional argument that the charges of operating a motor vehicle with a BAC greater than .08 and operating a motor vehicle while under the influence of alcohol should be dismissed for insufficient evidence. (Docket Item No. 15).

After reviewing the evidence in this case, I find it unnecessary to address Rauhof's constitutional arguments because I find that the government has failed to present sufficient evidence to support a conviction on either of the remaining charges. First, with regard to the charge of operating a motor vehicle with a BAC greater than .08, I find that while there is evidence showing that Rauhof's BAC was .12 approximately four and a half hours following the accident, there has been no evidence presented as to what his BAC was at the time of the accident. In *U.S. v. Sauls*, 981 F. Supp. 909, 925-26 (D. Md. 1997), the district court for the district of Maryland held that in determining the admissibility of breath test results in a federal driving while intoxicated prosecution, it will ordinarily be necessary for the test to have been administered within a reasonable period of time after the defendant was

driving a motor vehicle. The court went on to find that a reasonable time for administering a breath test will ordinarily be one administered within three hours of the time of driving. *See Sauls*, 981 F. Supp. at 926. However, in *U.S. v. Wight*, 884 F. Supp. 400, 403 (D. Colo. 1995), the court held that the prosecution failed to prove beyond a reasonable doubt that the defendant had a concentration of .10 grams of alcohol per 210 liters of breath at the time he was driving because the test result at 8:27 a.m. was insufficient to establish what the defendant's concentration was at 6:15 a.m. when the automobile accident was reported. Here, the only evidence before the court is that Rauhof's BAC four and a half hours following the accident was in excess of the legal limit. The government has failed to present any evidence as to what Rauhof's BAC was at the time of the accident. That being the case, I will find Rauhof not guilty of operating a motor vehicle with a BAC greater than .08.

Next, with regard to the charge of operating a motor vehicle while under the influence of alcohol, I note that a showing of Rauhof's BAC at the time of the accident is unnecessary to sustain a conviction thereunder. Title 36 C.F.R. § 4.23(a)(1) makes it illegal to operate or be in actual physical control of a motor vehicle while under the influence of alcohol to a degree that renders the operator incapable of safe operation. The regulation does not state that this showing of an incapability of safe operation must be shown by diagnostic or laboratory testing such as a preliminary breath test or a blood alcohol content test. Instead, a driving under the influence conviction may rest upon evidence of the defendant's behavior, including things such as erratic driving, slurred speech, bloodshot eyes, failure of field sobriety tests and the smell of alcohol about the defendant's person, to name a few. *See U.S. v. Eubanks*, 435 F.2d 1261, 1262 (4th Cir. 1971); *U.S. v. Farmer*, 820 F.

Case 1:06-po-00059-PMS   Document 9   Filed 11/29/06   Page 5 of 7   Pageid#: 26

Supp. 259, 266 (W.D. Va. 1993). Here, the government has presented no evidence of the smell of alcohol about Rauhof's person, that his speech was slurred, that his eyes were bloodshot or any other evidence of behavioral or coordination impairment that might suggest that Rauhof was under the influence of alcohol rendering him incapable of safe operation of his vehicle at the time of the accident. The government rests its argument on Rauhof's admission that he consumed alcohol at some time before the accident and the mere happening of the accident itself. I first note that while Rauhof testified that he had drunk approximately half of the bottle of beer within approximately 15 minutes, there was no evidence provided as to when, exactly, Rauhof consumed the beer in relation to the accident. I further note that Rauhof has supplied an explanation as to why the accident occurred, namely that when he looked over into the passenger side seat of his vehicle for his glasses, the vehicle crossed the center line and traveled into the path of the oncoming minivan. For these reasons, I find that the government has failed to meet its burden of proving beyond a reasonable doubt that Rauhof was operating a motor vehicle while under the influence of alcohol.

For the above-stated reasons, I will grant the Motion and find Rauhof not guilty of operating a motor vehicle with a BAC greater than .08, in violation of 36 C.F.R. § 4.23(a)(2), and I find him not guilty of operating a motor vehicle while under the influence of alcohol, in violation of 36 C.F.R. § 4.23(a)(1).

The defendant shall appear as scheduled at 1 p.m., December 6, 2006, for sentencing on his conviction on the failure to maintain control charge.

DATED: November 29, 2006.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE